UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD L. DAVIS, | ) | CASE NO. 4:14cv008 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | |
| JOE COAKLEY, et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## I. Introduction

On January 2, 2014, plaintiff *pro se* Ronald L. Davis, an inmate at the Federal Correctional Institution at Elkton ("FCI Elkton"), filed this action against FCI Elkton Warden Joe Coakley, Michell Fulgum, K. King, and D. Wilcome. Plaintiff sought leave to file a supplemental pleading on February 13, 2014. (*See* Doc. No. 3.) He alleges defendants acted with deliberate indifference to his serious medical needs, and that they promised but then declined to place him in a residential re-entry center for longer than 30 days. He further alleges their actions were in retaliation for his having filed a previous civil case and other protected conduct.

Plaintiff asserts his rights to due process and equal protection have been violated, and that he has been subjected to cruel and unusual punishment. He also asserts defendants violated the Americans with Disabilities Act. He seeks damages and injunctive relief.

## II. Law and Analysis

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the

court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009).

> As the Court held in [*Bell Atl. Corp. v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.,* at 557, 127 S.Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.,* at 557, 127 S.Ct. 1955 (brackets omitted).

*Id.* at 678.

"Principles requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to "conjure

up questions never squarely presented to them [or] to construct full blown claims from sentence fragments[.]" *Beaudette*, 775 F.2d at 1278. To do so would require a court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

Plaintiff's complaint, together with its proposed supplement, contains only very generalized factual allegations and bald legal conclusions. Therefore, even construing his pleadings liberally, the Court concludes he simply does not set forth a valid federal claim. *See*, *e.g.*, *Lillard v. Shelby Cnty. Bd. of Educ,*, 76 F.3d 716, 726 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

### III.  Conclusion

Accordingly, this action is dismissed under § 1915A. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: June 16, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**